IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIE UPSHAW | § | |
| v. | § | CIVIL ACTION NO. 6:09cv164 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Willie Upshaw, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Upshaw pleaded guilty to and was convicted of aggravated assault on January 16, 2007, receiving a sentence of 16 years in prison after electing to have punishment assessed by a jury. He took a direct appeal, contending that the evidence was insufficient to support the sentence, but the Court of Appeals overruled his contention, and the Texas Court of Criminal Appeals refused his petition for discretionary review. Upshaw v. State, slip op. no. 12-07-00090-CR (Tex.App.-Tyler, August 30, 2007, pet. ref'd).

Upshaw raised six grounds for relief in his federal habeas petition, including claims that the "timely pass for plea" procedure used in the district court in place of plea bargaining is unconstitutional, he received ineffective assistance of counsel, the grand jury was not constitutionally selected, the prosecutor failed to disclose favorable evidence, his plea of guilty was unlawfully induced, and he is innocent of the offense. The Magistrate Judge ordered the Respondent to answer the petition, and Upshaw filed a response to the answer. The Magistrate Judge also received copies of the state court records.

1

After reviewing the records and pleadings, the Magistrate Judge issued a Report on November 9, 2009, recommending that the petition be denied. The Magistrate Judge concluded that: (1) the "timely pass for plea" procedure used in the district court has been upheld on appeal in the Texas courts and Upshaw's separation of powers argument does not set out a federal constitutional claim; (2) Upshaw failed to meet his burden of proof regarding ineffective assistance and offered only bare assertions lacking support in the record; (3) the claim about the grand jury lacked any support in the record; (4) the entry of the guilty plea precluded Upshaw from complaining about the withholding of favorable evidence and Upshaw failed to show that the favorable evidence existed at all; (5) Upshaw's assertions regarding the inducing of the plea were contrary to his sworn statements at the plea proceeding and lack support in the record; and (6) Upshaw's claim of actual innocence was belied by his plea of guilty and did not set out a constitutional ground in any event. The Magistrate Judge thus recommended that the petition be dismissed and that Upshaw be denied a certificate of appealability *sua sponte*.

Upshaw filed objections to the Magistrate Judge's Report on November 30, 2009. In his objections, Upshaw first says that he "declined to have his case heard by the Magistrate Judge and instead requested an Article III judge." The Magistrate Judge simply entered a Report recommending disposition of the case, as permitted by 28 U.S.C. §636(b).

Next, Upshaw says that he entered his plea of guilty believing that he would receive the two months' probation which he had been promised. Nothing in the record supports Upshaw's assertion that such a promise had been made; on the contrary, at the plea proceeding, Upshaw testified that he was pleading guilty because he was guilty and that no one had promised him anything to get him to plead guilty. As the Magistrate Judge correctly stated, Upshaw's bare and conclusory assertion that such a promise had been made to him is insufficient. DeVille v. Whitley, 21 F.3d 654, 658 (5th Cir. 1994). Similarly, Upshaw asserted that his attorney told him that Judge Kent was biased against persons involved in inter-racial relationships and that he could not receive a fair trial in her court; however, these claims also lack support in the record and are contradicted by Upshaw's own sworn

2

testimony, and by the form which Upshaw signed which clearly stated that defendants should not sign unless they are guilty. In his objections, Upshaw offers nothing to contravene his sworn testimony, nor does he point to any support in the record for his assertions. These objections are without merit.

Third, Upshaw says that Smith County has a "history" of improper grand juries and that he has been denied due process in the fact that the Smith County district clerk has "given his family the run-around" about the records, and that the Attorney General refused to provide him with a copy of the state court records. Nothing in the state court records supports Upshaw's assertion about grand jury misconduct, and the records which Upshaw furnished to the court regarding the composition of the grand juries in Smith County were from 1989 and 1990, over a decade and a half prior to the incident forming the basis of this prosecution. The fact that Upshaw's family may have experienced difficulties with the state district clerk does not provide a basis for federal habeas corpus relief, and there is no constitutional right to a free copy of state court records for habeas corpus purposes. U.S. v. MacCollom, 426 U.S. 317, 322-23 (1976). His objection on this ground is without merit.

Fourth, Upshaw again insists that the victim of the assault, Tracie Blanton, gave an affidavit of non-prosecution, and says that there is no medical evidence that any assault took place; he says that there must be "some evidence" to support the charges, citing Morgan v. Dretke, 433 F.3d 455 (5th Cir. 2005), a Fifth Circuit decision dealing with a prison disciplinary case. Nothing in the record supports Upshaw's assertion that an affidavit of non-prosecution exists, and there is ample evidence to support the finding of guilt in the form of Upshaw's own testimony that he was guilty, as well as the testimony of the police officers who investigated the incident. His objection on this point is without merit.

Fifth, Upshaw says that his attorney "acted as the agent of the State to obtain a conviction" and that she used "racially charged statements" to induce him to enter a plea. As noted above, nothing in the record supports Upshaw's assertion, and his claim that the plea was induced is belied by his testimony that he was pleading guilty because he was guilty. In Rompilla v. Beard, 545 U.S.

374 (2005), cited by Upshaw, the Supreme Court held that a failure to examine the defendant's prior conviction file, which was a public document available at the courthouse, amounted to ineffective assistance of counsel. In the present case, by contrast, Upshaw has failed to show that any of the matters which he says that his attorney should have investigated even existed, much less that had counsel performed such an investigation, the result of the proceeding would probably have been different. *See, e.g.*, U.S. v. Green, 882 F.2d 999, 1003 (5th Cir. 1989) (holding that a defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial). His objection on this ground is without merit.

Finally, Upshaw says that the State used "perjured testimony" to obtain the conviction, and that there was "no evidence" to support the testimony of the investigating officers. He notes that there is "not a single photograph" of the victim's alleged injuries, but fails to consider the effect of his own testimony that he was guilty of the offense as charged. He concludes by stating that he "believes it is fair to say all the judges and lawyers involved" in his case belong to the East Texas Lawyer's Guild, and may also be members of the Order of the Eastern Star, the "female version of Freemasonry." Based on this, Upshaw says that "he perceives [the Magistrate Judge's] diligent defense of these ladies for what it is," and asks that an Article III judge investigate and review his case. This objection is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent; the Petitioner's response thereto, the state court records, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

4

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Willie Upshaw is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 9th day of December, 2009.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE